UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL D. PHAIR,<br><br>                  Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN. Commissioner of Social Security,<br><br>                  Defendant. | Case No. 3:12-cv-06073-RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 22, 2013 |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On August 14, 2009, plaintiff filed an application for disability insurance benefits, alleging disability as of August 17, 2006, due to club feet, arthritis and shoulder problems. <u>See</u> ECF #11, Administrative Record ("AR") 11, 133. That application was denied upon initial administrative review on December 30, 2009, and on reconsideration on February 8, 2010. <u>See</u>

REPORT AND RECOMMENDATION - 1

AR 11.  A hearing was held before an administrative law judge ("ALJ") on May 23, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert.  See AR 24-46.

In a decision dated June 23, 2011, the ALJ issued a decision in which plaintiff was determined to be not disabled.  See AR 11-19.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 24, 2012, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner").  See AR 1; see also 20 C.F.R. § 404.981.  On December 21, 2012, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision.  See ECF #1.  The administrative record was filed with the Court on March 4, 2013.  See ECF #11.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the Commissioner's final decision should be reversed and remanded for an award of benefits because the ALJ erred: (1) in finding transferability of work skills was not material to the determination of non-disability; (2) in failing to make findings regarding plaintiff's transferrable skills; and (3) in discounting plaintiff's credibility.  For the reasons set forth below, the undersigned agrees the ALJ erred in finding transferability of work skills was not material and in failing to make findings regarding those skills, and thus in determining plaintiff to be not disabled.  Also for the reasons set forth below, however, the undersigned recommends that while defendant's decision to deny benefits should be reversed, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the

REPORT AND RECOMMENDATION - 2

"substantial evidence in the record as a whole supports" that determination. <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); <u>see</u> also <u>Batson v. Commissioner of Social Security Admin.</u>, 359 F.3d 1190, 1193 (9th Cir. 2004); <u>Carr v. Sullivan</u>, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing <u>Brawner v. Secretary of Health and Human Services</u>, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation omitted); <u>see</u> also <u>Batson</u>, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting <u>Rhinehart v. Finch</u>, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

If a claimant cannot perform his or her past relevant work, at step five of the sequential

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

<u>Sorenson</u>, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

disability evaluation process[2] the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e).  The ALJ can do this through the testimony of a vocational expert or by reference to the Commissioner's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).  The Grids may be used only if they "*completely and accurately* represent a claimant's limitations." Tackett, 180 F.3d at 1101 (emphasis in the original); see also Reddick v. Chater, 157 F.3d 715, 729 (9th Cir. 1998) ("If the grids fail accurately to describe a claimant's limitations, the ALJ may not rely on the grids alone to show the availability of jobs for the claimant.").

That is, an ALJ "may apply the [G]rids in lieu of taking testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations." Reddick, 157 F.3d at 729.  If the claimant "has significant non-exertional impairments," though, the ALJ's reliance on the Grids is not appropriate.[3] Ostenbrock, 240 F.3d at 1162; Tackett, 180 F.3d at 1102 (non-exertional impairment, if sufficiently severe, may limit claimant's functional capacity in ways not contemplated by Grids).  Both parties acknowledge the ALJ determined that plaintiff had significant non-exertional limitations making application of the Grids inappropriate in this case. See AR 14, 18.  Accordingly, the ALJ relied on the testimony of a vocational expert to determine plaintiff's ability to perform other jobs at step five. See AR 18-19.

Defendant concedes that all of the jobs the vocational expert identified plaintiff could do are semiskilled, and that the ALJ did not make specific findings identifying work skills plaintiff

---

[2] The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520.  If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id.

[3] "Exertional limitations" are those that only affect the claimant's "ability to meet the strength demands of jobs." 20 C.F.R. § 404.1569a(b).  "Nonexertional limitations" only affect the claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(c)(1).

REPORT AND RECOMMENDATION - 4

had acquired that are transferrable to those jobs. See AR 42-43; Social Security Ruling ("SSR") 82-41, 1982 WL 31389, at *7[4]; SSR 00-4p, 2000 WL 189874, at *3.  Defendant nevertheless argues that no error should be found here, because the hearing transcript shows the ALJ did not intend to limit plaintiff to unskilled work. See ECF #13, p. 5 (citing AR 39-42).

It is far from clear from the portion of the transcript cited by defendant, however, that the ALJ possessed such intent. See AR 39-42.  Even if it can be found therein, though, nowhere in the ALJ's decision are there any findings of fact setting forth the specific transferrable skills plaintiff acquired. See AR 18-19.  Indeed, the ALJ specifically found the transferability of work skills was not material to the determination of disability. See AR 18.  But as plaintiff notes, this finding clearly lacks support in the record, as the only jobs the vocational expert identified were semiskilled ones.  Nor is evidence of ALJ intent contained in the hearing transcript – including the testimony of a vocational expert indicating the existence of transferrable skills – sufficient to divest the ALJ of the duty to set forth specific findings of fact in his or her decision. See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2008).[5]

---

[4] That ruling reads in relevant part:

> . . . *Findings of fact in determinations or decisions involving transferability of skills.* When the issue of skills and their transferability must be decided, the adjudicator or ALJ is required to make certain findings of fact and include them in the written decision. Findings should be supported with appropriate documentation.
>
> When a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the State agency's determination or ALJ's decision. Evidence that these specific skilled or semiskilled jobs exist in significant numbers in the national economy should be included . . . It is important that these findings be made at all levels of adjudication to clearly establish the basis for the determination or decision for the claimant and for a reviewing body including a Federal district court.

Id.

[5] As the Ninth Circuit explained in relevant part:

> The Commissioner concedes that the ALJ did not follow the express requirements of SSR 82–41, but argues that the SSR is not applicable in this case. . . . [T]he Commissioner argues

REPORT AND RECOMMENDATION - 5

The undersigned also rejects defendant's contention that the ALJ's error was harmless in this case.[6]  Defendant asserts the Court should find harmless error "when the record as a whole shows Plaintiff had transferrable work skills." ECF #13, p. 7.  As discussed above, however, the Ninth Circuit has rejected the notion that mere evidence of transferrable skills in the record is sufficient to relieve the ALJ of his or her duty to make specific findings with regard thereto in his or her decision.  The failure to make such findings in this case is not harmless, furthermore, since as noted above the vocational expert only identified jobs that are semiskilled in nature.  Without those findings, the Court is unable to determine whether or not the ALJ properly found plaintiff could perform those jobs given his acquired work skills, and thus whether or not the ALJ's step

---

> that SSR 82–41 does not require specific findings when the ALJ relies on the testimony of a [vocational expert] to determine whether a claimant has transferable skills. . . .
>
>     . . .
>
> Even granting a large measure of interpretive deference, the Commissioner's reading of SSR 82–41 strains credulity. The SSR does not qualify its application, stating only that "[w]hen the issue of skills and their transferability must be decided, the ... ALJ is *required* to make certain findings of fact and include them in the written decision. Findings should be supported with appropriate documentation." SSR 82–41, 1982 WL 31389, at *7 (emphasis added) . . . Further, the SSR states that "[c]onsultation with a [vocational expert] may be necessary to ascertain" whether a given skill or set of skills are transferable in a claimant's particular case. SSR 82–41, 1982 WL 31389, at *4. Thus, the SSR presumes that ALJs will be relying on expert testimony to determine whether a claimant has transferable skills, and it makes little sense to interpret the SSR's provision requiring specific written findings as inapplicable whenever an expert is involved. It is the ALJ, and not the [vocational expert], who is responsible for making findings.

Id. at 1224-25. Plaintiff argues Bray is distinguishable from this case, asserting the Court of Appeals "rationalized that ALJs were required to list transferrable skills for claimants of 'advanced age' due to the guidelines that state 'advanced age' claimants should have little to no vocational adjustment required for new employment." ECF #13, p. 6 (citing 554 F.3d at 1224).  But to the extent defendant is arguing an ALJ must set forth a claimant's transferrable skills only when the facts match those of Bray, that argument is rejected.  As noted above, the Ninth Circuit was quite clear in pointing out that SSR 82-41 "*does not* qualify its application," but instead comes into play whenever transferability of skills is at issue. 554 F.3d at 1225 (emphasis added).  In other words, while Bray did involve a claimant who was of "advanced age," the Court of Appeals did not limit its reading of the application of SSR 82-41 to that category of individual.

[6] An error is harmless only if it is "inconsequential" to the ALJ's "ultimate nondisability determination." Stout v. Commissioner, Social Security Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); see also Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision.").

REPORT AND RECOMMENDATION - 6

five determination is supported by substantial evidence in the record.[7]

---

[7] On the other hand, the undersigned rejects as well plaintiff's assertion that the evidence in the record supports a finding of disability at this point.  Plaintiff bases this assertion on an "[e]xample of a hypothetical case analysis" contained in SSR 82-41, which reads in relevant part:

> . . . A disability applicant worked as a carpenter in the construction industry. As described by the claimant, his job was medium work in terms of the exertional level and skilled work in terms of job complexity. The skilled work functions performed by the claimant in his carpentry job included the study of blueprints, sketches or building plans for information needed in constructing, erecting, installing and repairing structures and fixtures of wood, plywood and wallboard, using saws, planes and other handtools and power tools.
>
> The applicant was found to be unable to do his [past relevant work] because of a cardiovascular impairment with an [residual functional capacity] which prevents medium exertion. There are no other impairments which might cause additional functional limitations and interfere with the transferability of his carpentry skills.
>
> A decisionmaker in a State agency or in the Office of Hearings and Appeals finds that the former carpenter now has the [residual functional capacity] for at least a full range of light work exertion and that he is age 57, not yet close to retirement age (the age group 60-64 as defined in the regulations). The adjudicator as the finder of fact or the [vocational specialist] as the provider of evidence may be unable to identify closely related light occupations, preferably in the construction industry.
>
> If unable to do so, he or she would then do further research. The research might show that there are several semiskilled light job possibilities in various worker trait groups and industries. For example, cabinet assembler and hand shaper are "manipulating" occupations in the furniture industry. Rip and groove machine operator is an "operating-controlling" occupation in the furniture industry. Box repairer in the wooden box industry and grader in the woodworking industry are two "sorting, inspecting, measuring and related work" occupations. All of these involve tools, raw materials and activities similar to those of the past carpentry work. The adjudicator alone or with the assistance of a [vocational specialist] is able to establish that the potential occupations exist in significant numbers in the national economy.
>
> If the decisionmaker were to find that the carpenter has the [residual functional capacity] for a full range of light work exertion but (to change one fact in the example) is closely approaching retirement age, the provision in section 202.00(f) of Appendix 2[, 20 C.F.R. Part 404, Subpart P, Appendix 2, § 202.00(f),] requiring little, if any, vocational adjustment would apply. Under the circumstances the [vocational specialist] could state, and the decisionmaker could find, that the claimant's carpentry skills cannot be transferred with very little, if any, vocational adjustment required in terms of tools, work processes, work settings or the industry.
>
> Should the decisionmaker find that the former carpenter, at any age, is now limited to sedentary work exertion, he or she would most likely find few occupations performed in the seated position which utilize the specific work skills learned and used in construction carpentry and may be unable to find transferability.

1982 WL 31389, at *6-*7.  Plaintiff focuses in particular on the last sentence since it refers to an individual "at any age" and "limited to sedentary work exertion," but fails to show how her situation is the same or substantially similar the individual in the above hypothetical case analysis, other than the fact that he falls into the category of "at any age," is limited to sedentary work and has past work experience in the construction industry.  It is not at all clear, though, that those three similarities by alone are sufficient to warrant a finding of disability.  In any event,

REPORT AND RECOMMENDATION - 7

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the transferability of work skills and therefore plaintiff's ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as

---

given the remaining differences that exist between the hypothetical former carpenter and plaintiff, that determination is more properly the province of the vocational expert and ALJ in the first instance rather than the district court.

REPORT AND RECOMMENDATION - 8

well that the Court reverse the defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **November 22, 2013**, as noted in the caption.

DATED this 6th day of November, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9